IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Linton Roberts,<br><br>　　　　Plaintiff,<br>v.<br><br>Magistrate Judge Seldon T. Peden,<br><br>　　　　Defendants. | C/A No. 6:25-6122-JFA-SVH<br><br><br>**MEMORANDUM, OPINION, AND ORDER** |

**I.　　INTRODUCTION**

Plaintiff Mark Linton Roberts, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

The Magistrate Judge conducted a review of the complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, and prepared a thorough Report and Recommendation ("Report"). (ECF No. 8). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] *Id.* The Report sets forth, in detail, the relevant facts and standards

---

[1] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on July 2, 2025 (ECF No. 11). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 8). Briefly, the Plaintiff has asserted claims against a State Court Magistrate Judge related to his criminal charges and bond hearing. As noted in the Report, Plaintiff's claims are subject to dismissal because the Magistrate Judge has judicial immunity.

In response to the Report, Plaintiff has articulated a single objection. Specifically, Plaintiff avers that Defendant should not be entitled to judicial immunity, "reason being is the Defendant did 'act out of jurisdiction' by waiting 21 days after the date of incident and after I start filing complaints, he sends me forged papers that states I was informed of bond

amount." (ECF No. 11, p. 1) (written as it appears in original). Plaintiff offers no other authority or factual support for his objection to the Report.

Despite Plaintiff's assertions, Defendant here is entitled to judicial immunity. Plaintiff claims that the Magistrate Judge acted improper in handling his bond proceedings. These actions fall squarely within the Judge's official duties, and he is therefore entitled to judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978)("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction.").

Although Plaintiff asserts that Defendant acted outside of his jurisdiction, Plaintiff has failed to support this assertion with any authority or favorable facts. Accordingly, this objection is without merit and must be overruled.

### IV.  CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 8). For the reasons discussed above and in the Report, the complaint is dismissed with prejudice and without issuance and service of process.

IT IS SO ORDERED.

July 15, 2025                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge